NEW-YORK,
May, 1831.

Doyle's adm'rs
v.
St. James'
Church.

---

Doyle's adm'rs *vs.* St. James' Church at Brooklyn.

Where money is paid to an *agent* of a party, it is not necessary to produce such agent as a witness to prove his authority to receive the money, if the *admissions* of the party can be shewn, to support the charge of money paid.

Unless the report of referees is clearly against the weight of evidence, it will not be set aside.

*Interest* is not allowable on an unliquidated account for work, labor and services, especially where the account was not rendered before suit brought, and and where a greater sum was claimed than, was allowed after a hearing by referees.

MOTION to set aside a report of referees. The only questions arising on this application were whether the referees had acted on competent evidence, and whether they had done right in refusing to allow interest on the demand of the plaintiffs. The intestate had erected a vestry room for the defendants, for which he was to receive about $700. The defendants proved the payment of $300 to the intestate personally, and gave evidence of *admissions* of the intestate of the pay-

ment of $300 more to a Dr. Farnan; there was conflicting evidence as to the authority of Farnan to receive the money, and he was not produced as witness. The referees allowed both payments, and made a report in favor of the plaintiffs for $136,52; refusing to allow *interest* on the sum they ascertained to be due to the plaintiffs. The plaintiffs, moved to set aside the report, insisting that the defendants should have produced Farnan as a witness, and that interest should have been allowed.

*J. O. Grim*, for the plaintiffs.

*C. D. Sackett*, for the defendants.

*By the Court*, SUTHERLAND, J. The only questions in this case are : 1st. Whether a certain sum of $300, paid by the defendants to Dr. Farnan for the plaintiffs' intestate, was properly credited by the referees to the defendants; and 2d. Whether the plaintiffs are entitled to interest on the balance found due to them.

It was not necessary for the defendants to produce Dr. Farnan, in order to prove his authority from the plaintiffs' intestate to receive the money for him from the defendants. The admissions and declarations of the intestate were better evidence upon that point than would have been the testimony of the agent himself. There is no well founded objection, therefore, to the *character* of the evidence. Whether it was sufficient to establish either the original authority of Farnan to receive the money for the intestate, or the subsequent assent to, or ratification of the act by him, was a question of fact for the referees to decide. They thought it sufficient, and I am inclined to the same opinion. At all events, the decision is not so clearly against the weight of evidence as to authorize us to set aside the report on that ground.

2d. As to interest. The plaintiffs' demand appears to have been an unliquidated account for work, labor and services. There is no evidence of its having been rendered to the defendants before suit brougt. It certainly was not acquiesced in, and the result shows that the plaintiffs claimed $300 more

than the arbitrators have found to be due to them. They cannot, under such circumstances, he entitled to interest.

The motion to set aside the report of the referees, therefore, must be denied, but without costs.