Denio, J.,
delivered the opinion of the court.
1. The defendant’s counsel insists that the plaintiff is not shown to be a creditor of William Stewart. The argument in that respect is based upon the idea that enough is not stated in t1..' bill to show that sufficient notice of the dishonor of the - jte, on which the deceased was an endorser, was given. The note fell due after the death of William *194 Stewart, and the statement is that notice was given to the heirs at law of the deceased. There had been no administration granted at that time, and the next of kin and the heirs at law were the same persons. But it is a sufficient answer to this objection that the plaintiff’s debt was admitted in unqualified terms in the answer.
2. It is said that the decree is wrong in setting aside the deed of January 15th, 1842. The answer is on oath, and denies in terms any fraudulent intent, and states the circumstances under which these conveyances were executed. There is a replication filed, but there are no proofs,- except a stipulation as to some facts which are not very material. It is a familiar rule that a positive denial of fraud in an answer will not prevail against admissions, in the same pleading, of facts which show that the transaction was fraudulent. (Jackson v. Hart, 11 Wend.., 343, 349, per Savage, Ch. J.) The conveyances to the defendant, taking his own statement of the circumstances under which they were given, and of the consideration, cannot be sustained as against the creditors of the grantor. William Stewart was indebted, at the time they were executed, without taking into the account the plaintiff’s debt, which had not then become absolute against him, and without reckoning interest on his debts, about $1400; and his whole personal property was only about $270. Without reference, therefore, to the endorsement, his affairs were in an embarrassed state, and if that debt should come upon him he was hopelessly insolvent. In this state of things, he conveyed his property, real and personal, worth about $2300, to his son, the defendant, a young man wholly without property; and the defendant at the same time gave to his father and mother a lease for their lives and the life of the survivor, reserving a nominal rent. The answer states that the lease was designed to be in the nature of a mortgage, to secure the support and maintenance of the father and mother; but even a responsive answer cannot overthrow the evidence furnished by writings under the *195 signature of the defendant, executed at the time of the transaction. (1 Greenl. Ev., § 258; United States v. Wood, 14 Peters, 430, 442; Clark v. Van Riemsdyk, 9 Cranch, 160.) It is true he agreed with his father-to pay his debts in and about Penn Yan, but this'was not evidenced by any written contract, and it is not shown to have come to the knowledge of his creditors. He also gave his father his notes for $300, but it was part of the arrangement that they should be given to his sisters, and to this extent the conveyance of the fourteen acres was intended to be a gift to the family of William Stewart, which the defendant assisted in consummating. The agreement stated to have been made about the time the defendant came of age will not sustain the conveyances. 1. It did not embrace the personal property, and yet that was given to the son when the land was conveyed. 2. The time when the land was to be conveyed was not mentioned; but as the consideration was the care of his parents during their lives, and it would not, therefore, be fully earned.until their death, it was testamentary in its intention, and did not contemplate a conveyance which should leave the creditors of his father unpaid. The defendant, it is true, was a creditor for his labor at the time the conveyances were made, and to the extent of his debt might have been lawfully preferred; but it was fraudulent as to other creditors for him to receive conveyances of all the debtor’s property to the amount which has been mentioned, while the debt did not exceed one-third of the value of the property. (Butler v. Stoddard, 7 Paige, 163; S. C. in error, 20 Wend., 507.)
Upon the defendant’s statement in his answer it was parcel of the consideration of the conveyances that he should continue to support his father and mother during their lives. This presents the case of a debtor providing for his own future maintenance and support out of his property, which by law belongs to his creditors to the extent of their debts. It need scarcely be said that such an arrangement could *196 -never.be upheld against his creditors. (Goodrich v. Downs, 6 Hill, 438; Barney v. Griffin, 2 Comst., 365.)
3. The remaining questions arise upon the appeal of the complainant, and' relate to the details of the decree. The case does not present any question respecting the conveyances standing as a security for the defendant’s claims against the grantor.- It is not upon that doctrine that the defendant and the other creditors are allowed to participate in the fund to arise out of the sale of the land by the receiver.'' The complainant had not acquired any lien at law, not having obtained any judgment against William Stewart, and was not therefore entitled to a priority over the other creditors. Equity only requires that the fund should be distributed among the creditors pro rata. It is entirely equitable that the defendant should be substituted in the place of the creditors whose debts he has paid. Although the conveyances were void as to creditors they were valid between the parties; and according to the statement in the answer, these debts were to be paid by the defendant as a consideration in part for the conveyances. The complainants have not been injured by the payments made by the defendant, for all they could claim under the circumstances would be their proportionate share of the avails of the property. So ás to the- defendant’s own debt for labor. The conveyances being pronounced, void from the beginning, at the instance and upon the prayer of the complainant, he cannot set up that they extinguished the defendant’s demand. It is like the case of an usurious obligation of a higher nature substituted for a prior legal one. In such cases, if the debtor procures the' one tainted with usury to be set aside, the one for. which it was substituted becomes available; though, while the usurious security remains on foot, the other is deemed to be' extinguished. (Hughes v. Wheeler, 8 Cow., 77; Rice v. Welling, 5 Wend., 595; Vilas v. Jones, 1 Comst., 274, Bronson and Jewett, Js.; La Farge v. Herter, 5 Seld., 241.)
*197 The complainant suggests that though , the court below ordered an account of the rents and profits of the real estate to be taken by the referee, and such account was taken, showing the defendant to have received $190 on that account after the expiration of the life lease, yet the decree makes no application of this sum towards the debts or any of them. The facts seem to ■ be as stated. But the question then arises, whether the complainant was entitled to an account of the rents and profits. I think he was not. As, before remarked, he had no lien, and the conveyances were valid between the parties. .The remedy of the complainant was to procure the land to be sold, and the proceeds to be applied towards the debts. But'until such sale, or at least until the conveyance to the receiver, I know of no principle upon which the defendant could be compelled to account for the rents and profits to creditors at large of the defendant’s grantor. If the grantor had lived, and the land had been sold on execution against him, the creditor would have had no right to the rents and profits until the conveyance by the sheriff. I think, therefore, the decree is right in this respect. If the. defendant has continued in possession under the receiver, the creditors may perhaps have the benefit of these rents' when the receiver’s accounts come to be adjusted in the court below.
The value of the personal property was correctly applied towards the defendant’s debt, as of January 15, 1842, the time when it came to his hands. The referee has allowed the defendant interest upon the amount of each year’s labor, from the end of the year in which it was earned to the time of the conveyance, and then, after deducting the value of the purchased property, has reckoned interest on the balance until the date of the report. The demand being, wholly unliquidated, interest should not have been allowed prior to the conveyances. (Raid v. Rensselaer Glass Factory, 3 Cow., 393; Doyle v. St. James’ Church, 7 Wend., 178.) The deceased attempted to pay this debt by the conveyances, *198 by means of the property conveyed, on the 15th of January, 1842. From that time I think the defendant was entitled-to interest. The decree must be modified in this' respect. In all the other particulars it should be affirmed.
Edwards, J., was in favor of modifying the decree below, so as to *give the defendant a lien on the lands for the amount advanced by him.
Gardiner, Oh. J., and Selden, J., not having heard the argument, took no part in the decision.
Judges Johnson, Rugóles, Allen and Parker concurred in the above opinion.
Judgment accordingly.