HORACE J. BRAINARD, Plaintiff in Error, *vs.* CHAUNCEY E. HASTINGS, Defendant in Error.

The Supreme Court cannot, upon Writ of Error, review the finding of a Referee on questions of fact found by him.

The Referee should pass and report upon all the *material* issues in a cause tried before him; but admissions in the pleadings need not be passed upon.

This was a Writ of Error to the District Court of Ramsey County. The suit was brought by Hastings to obtain a division

and partition of certain real estate in Ramsey County. The pleadings present a number of issues of fact, and the cause was referred, by consent, to George W. Prescott, Esq., to hear the testimony and report the facts. Upon the filing of his report, the Plaintiff moved for the relief demanded in his complaint, and the Defendant filed certain exceptions to the report. Upon the hearing the District Court gave a decree in favor of the Plaintiff.

As the Court refused to review the facts found by the Referee, it is unnecessary to give a statement of the evidence which forms a part of the judgment roll.

The following are the points and authorities relied upon by the counsel for Plaintiff in Error:

*First.*—This is an equitable action. On Appeal the Appelate Court will look and weigh the evidence. 7 *Wend.* 178; 25 *do.* 143.

*Second.*—In an equitable action under the code, the report of a Referee is analagous to the report of a Master, or decision of a Vice Chancellor, where upon exceptions or appeal, all questions whether of law or fact are the subject of review. *Burham vs Vanzandt*, 7, *Bar.* 91.

*Third.*—The report of the Referee in a suit in equity, will be set aside when the facts are intricate and obscure, to let in new light and have the merits re-examined. *Alloed vs. Mosecher*, 1 *Iowa C.*, 280; 1 *How. Pr.* 144.

*Fourth.*—The Court below erred in affirming the finding of the Referee, that the debts or notes still unpaid upon the purchase money of said real estate, were considered in said terms of dissolution assumed by said Brainard; that said Hastings is not liable to said Brainard for contribution upon any sum of money alleged by said Brainard to have been paid by him since dissolution of the partnership. *Case, folio* 59, 60. For,

1. The liability of Hastings to pay Brainard, is a question of law upon the evidence—not of facts—the Referee was appointed to find facts, not conclusions of law. *Case, folio* 52.

2. There is no evidence in the case, going to show that the payment of the Oliver Ames notes, *i. e.* the notes given upon

the purchase of the land which is the subject of the action were considered in the agreement for dissolution as assumed by Brainard. Brainard denies it. *Case, folio* 92.

And the testimony of Hastings himself, and all the other witnesses is, that the notes were not mentioned at all, while other notes were specified. *Case, folio* 82 ; *case, folio* 91 ; *case, folios* 92, 93, 97, 99 ; *case, folio* 80.

3. The only evidence in the case from which it can even be inferred, that Brainard assumed to pay the Oliver Ames note, are the engagements made by the parties in the agreement for dissolution of the co-partnership. As to the terms of that agreement, there is no dispute. Brainard was to pay Hastings $3,250 to take the partnership property and pay the partnership debts. *Case, folios* 80, 82, 84, 85, 89. 90, 92, *and* 93.

4. By the agreement, Brainard was to have all the partnership property. The Referee finds that these lands were purchased with partnership funds—all except what Brainard has paid himself. *Case, folios* 56, 57 *and* 68.

But lands purchased with partnership money, are partnership property. 2 *Bar. Chan. R.* 346; 6 *Bar.* 19. Under that agreement, as the Referee finds the facts, all the land which is the subject of this action, passed to Brainard, and Hastings has no interest whatever, and the Court below erred in decreeing a partition giving to Hastings the one half of the land. *Case, folios* 56 *and* 57.

5. The evidence in the case shows that whatever were the general terms of the agreement for dissolution of the co-partnership, neither Hastings nor Brainard, at the time, contemplated that the lands which are the subject of this action, or the note given upon that purchase of the land, were embraced within the scope of that agreement. *Case, folios* 64, 65, 66, 67, 68, 71, 75, 76, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 82, 93, 94, 95, 97, 99.

6. The evidence in the case and the admission in the pleadings, show that Brainard has paid large sums upon the land, for which Hastings is liable to him for contribution. *Case, folios* 24, 25, 26, 41.

*Fifth.*—The report of the Referee does not find all the facts upon the issues in the cause.

The complaint alleges that one John Henry Byers has an estate or interest in a part of the land which is the subject of this action. The answer denies that Byers has any such estate or interest in the land, and evidence was given upon the hearing before the Referee upon this issue.

The pleadings admit, and evidence was also given upon the hearing, showing that Brainard had paid large sums individually upon the land. Upon neither of these issues does the Referee find the facts. *Folios* 8, 9—27, 28—63, 64, 65, 71, 74, 79; *Doke vs. Peck*, 1 *Code Rep.* 54; 6 *How. Pr.* 492; 1 *Code Rep.* 121; 1 *Barr. Pr.* 236; 4 *J. R.* 213; 3 *Ses.* 55; 2 *Wheat.* 22; 21 *Wend.* 90; 13 *Wend.* 425; 3 *Chitty Gen. Pr.* 476, 477; 7 *Ad. & E.* 595; 1 *Sand. R.* 27, 28; 2 *Dunlay Pr.* 693; 4 *J. R.* 213; 2 *J. R.* 210; 1 *How. Pr. R.* 412; 13 *How.* 411; 12 *Wend. R.* 291; 12 *Bar.* 126, 127; 2 *Sanf. Rep.* 641; 4 *ibid.* 691; 1 *E. R.* 54; *ib.* 61; *ib.* 121; 1 *Whit. Pr.* 714.

*Sixth.*—The trial, if any, was by the Court. No decision has been filed by the Court, such as the statute requires, and judgment has been rendered, not upon the decision of the Court, but upon the report of the Referee. *Authorities above cited; Statutes, page 356, sec. 34, sec. 41; ib. 358, sec. 54.*

The following are the points and authorities relied upon by the counsel for Defendant in Error:

*First.*—This cause being brought into this Court upon a Writ of *Error*, matters of *fact* will not be inquired into. *Reynolds vs. Rogers*, 5 *Hammond*, 169; *Campbell vs. Patterson*, 7 *Vermont*, 86; *Clapp vs. Brougham*, 9 *Cowan*, 530.

*Second.*—All errors in *fact* assigned by Plaintiff in Error in this Court were finally disposed of by Court below, on the motion made by Brainard for a new trial, which motion was denied. And they could only be brought into this Court on appeal from the order denying that motion, but they cannot be considered under a Writ of Error. *See cases above cited, and also folios* 108 *and* 109, *of case.*

*Third.*—The rights of Hastings, Defendant in Error, in the

premises undisputed, the Court below correctly assigned his share to him, leaving the rights of other parties to be subsequently adjusted. *Phelps vs. Green*, 3 *Johnson's Chan.* 302.

*Fourth.*—The facts as reported by the Referee place Hastings in equity, in the position of a purchaser from Brainard of his interest in the E. 1-2 of the N. E. 1-4 of 20, 29, 22, and render the decree which applies Brainard's land first to the extinguishment of the mortgage debt equitable. *See Chancellor Kent's decision in Clowes vs. Dickenson*, 4 *Johnson's Chancery*, 235; 9 *Paige*, 173; 1 *Paige*, 228; 2 *Paige*, 300; 8 *Paige*, 277; 1 *Johns. Ch.* 447; 3 *Green Ch.* 224; 1 *Hill Ch.* 464–500; 2 *Hill*, 204.

*Fifth.*—The Referee not finding the exact interest of John H. Byers in the premises, cannot be taken advantage of by Brainard, Plaintiff in Error, because that interest was in no way connected with the interests of Hastings and Brainard, between whom alone the decree adjudicated. *Barker vs. Callihan*, 5 *Ala.*, 708; *Cin. Ins. Co. vs. Bakewell*, 4 *B. Monroe*, 541.

*Sixth.*—The report of George W. Prescott, Referee in this cause, was simply in the nature of a special verdict, upon which the decree of the Court below was regularly given, and judgment entered thereon after fair and full hearing of parties, which decree we ask the Court to sustain.

SANFORD & BEVERIDGE, Counsel for Plaintiff in Error.

SANBORN, FRENCH & LUND, Counsel for Defendant in Error.

*By the Court*—ATWATER, J.  It is urged by the counsel for the Plaintiff in Error, that this Court should review the finding of the Referee, before whom the cause was heard, on questions of fact found by him.  We might perhaps have that power on appeal, but this case comes before us on a Writ of Error, and we find no authority which goes to the extent of granting or conceding such power in reviewing cases on Writ of Error.  We are cited to 7 *Wend.* 178 *and* 25 *do.* 143, but those cases do not hold such a doctrine.  The case of *Burhams*

*vs. Van Zandt*, 7 *Bar*. 91, was brought before the General Term of the Supreme Court, on exceptions to the report of a Referee, and it is there rather intimated than decided, that upon " exceptions " or " appeal," all questions decided, of fact as well as law, were the subject of review. The question was first raised the present term before this Court, whether a Writ of Error would lie in an equitable action, and we held that it would. In civil actions, we presume it would not be claimed, that anything save errors of law could be reviewed on Writ of Error. But the change made in equitable proceedings by the act of 1853, (*Stat. Minn. p.* 480, *sec.* 1,) places all actions upon the same footing, so far as the machinery or forms by which they are conducted, are concerned, and the office of a Writ of Error is the same, whatever be the nature of the action. The object of the Legislature in abolishing the Court of Chancery and the forms which had obtained in equitable actions, was to simplify the practice and proceedings in such actions, and this end will best be attained, by confining the purposes of a Writ of Error in all cases within the well defined limits prescribed for it.

In this view of the case therefore, we cannot examine whether the Court below erred in affirming the finding of the Referee, " that the debts or notes still unpaid upon the purchase money of said real estate, were considered in said terms of dissolution, assumed by Brainard, and that Hastings is not liable to said Brainard for contribution upon any sums of money alleged by said Brainard to have been paid by him since the dissolution of the partnership," those being questions of fact, depending entirely on the proofs, of the effect and conclusiveness of which the Referee was sole judge. But even were we at liberty to enter into an examination of the evidence on these points, we are far from being satisfied that the finding of the Referee upon the facts was not correct. The testimony in regard to the dissolution of the partnership, and the property received, and debts assumed by each party thereupon, is somewhat conflicting, and is not placed in clear light by the proof. But the difficulty seems not to be, (as suggested by the counsel for the Plaintiff in Error,) that the facts are intricate and ob-

scure, but from the very loose manner in which the parties made their contract. Where so large and varied an amount of property as was held by the Plaintiff and Defendant in common, is disposed of by a merely verbal and informal agreement, it is easy to conceive how misunderstandings might arise, without imputing fraud or bad faith to either party. And if injury is suffered in consequence of such misunderstanding, the sufferer has but little claim to the interposition of the Court for redress.

It is urged by the counsel for Plaintiff in Error, that "lands purchased with partnership money, are partnership property, —assets—and that under the agreement as the Referee finds the facts, all the land which is the subject of this action, passed to Brainard, and Hastings has no interest whatever, (in these lands,) and that the Court below erred in decreeing a partition, giving to Hastings the one half of the lands." But the answer admits the ownership of the plaintiff below to an undivided one-half of the lands in dispute, and also avers that he "has always been ready and willing, and still is ready and willing that the same should be divided, or sold, as prayed for in the complaint." He claims, however, that the proceeds should be applied towards satisfying the mortgage executed by the parties to Oliver Ames, and repaying the Defendant the one-half the amount, which he alleges he had paid individually on the joint obligation of the parties, previous to the commencement of the suit. But the Referee has found as a question of fact, that on the dissolution of the partnership between the parties, the Defendant Brainard assumed all the joint obligations of Hastings and Brainard, comprising those set up in the answer, and that the Plaintiff was not liable to the Defendant for contribution on any joint obligations paid by the latter individually. Under the admissions and statements in the pleadings, this was the only material issue in the case, and was found by the Referee against the Defendant, which finding we cannot review (as above stated,) on Writ of Error. The decree must therefore be held correct, in ordering the Defendant to pay the balance remaining unpaid on the mortgage given to secure the purchase money for the land, and that the said mortgage should be a specific lien upon, and be first satisfied out of that part of

the real estate mortgaged, which was owned by the Defendant. The finding of the Referee, shows that Brainard has received a verbal consideration from Hastings, for his agreement to assume and pay the debts of the firm, and places Hastings in equity, in the position of a purchaser from Brainard, of his (Brainard's,) interest in the land in dispute ; and by the rule established in equitable actions of this kind, the real estate of the Defendant which was mortgaged for the purchase money, should first be applied towards the satisfaction of the mortgage. *Clowes vs. Dickenson, et. als.*, 5 *John. Ch. R.* 235 ; *Gill vs. Lyon*, 1 *John. Ch.* 447 ; *James vs. Hubbard*, 1 *Paige*, 228 ; 8 *Paige*, 277.

It is further claimed on the part of the Plaintiff in Error, that the report of the Referee does not find all the facts upon the issues in the cause, or rather that some of the issues are left undetermined. The objection is well taken, if it shall be found in fact, that there are *material* issues in the cause, upon which the Referee has not passed, as either party has a right to the judgment of the Court, upon all such issues. It is alleged in the complaint, that one Byers has an estate or interest in the lands which is the subject of the action, which was obtained from, or acquired through the Defendant Brainard.

This is denied in the answer, and there seems to have been some evidence upon the point before the Referee, although he has not passed upon it. But the answer having admitted that the Plaintiff is entitled to an undivided half in the premises, it is immaterial (as between the parties,) whether the Defendant has disposed of any part of the land in question, or not. Byers does not claim against the Plaintiff. The right of the Plaintiff standing admitted, it is unnecessary to pass upon that question, and it does not seem to be properly in the case, and the issue being immaterial, the report should not be set aside, nor referred back on that ground. That only material issues need be considered by the Referee, *see Van Steenburgh vs. Hoffman*, 6 *How. Pr. R.* 492 ; *Lakin vs. N. Y. & E. RR. Co.*, 11 *do*, 412 ; *Renovil vs. Harris*, 2 *Sand.* 641.

It is also claimed by the counsel for the Plaintiff in Error, that the pleadings admit, and the evidence shows that Brain-

.ard had paid considerable sums of money individually upon the lands in question, and that the report is silent upon this point. The very statement however, that the pleadings admit the fact, shows that no issue was made upon it, and consequently there was nothing for the Referee to find thereon.

The only issue relating to that point was, as to whether the Plaintiff was liable to the Defendant, for contribution, on sums paid by the latter individually for the land in question. This issue was found against the Defendant and disposes of the objection, for that finding applied to all payments that had been or which were to be made by the Defendant on account of the lands purchased by the parties of Ames.

The judgment of the Court below is affirmed.