## HORACE D. CLARK *vs.* ELMORE CLARK.

It was found, upon an account presented by way of set-off, that from 1832 to 1867 the defendant, at the request of the plaintiff, performed the services charged for, that he expected compensation and had received none, and that the services were worth the sum charged.   Held that here were all the elements of a legal obligation.

As to certain other charges it was found that from 1843 to 1851 the defendant boarded the plaintiff's minor child under expectation of reward, and that the plaintiff knew that his child was there, but no request was found.   Held that, considering the legal duty of the plaintiff to furnish support to his child and his actual knowledge that the defendant was boarding him, with the fact that it was not intended as a gratuity by the defendant and could not have been so regarded by the plaintiff, it was not erroneous for the court to construe the finding as showing a legal obligation on the part of the plaintiff to pay for the board.

As to certain charges for attending to the plaintiff's business at different times from 1868 to 1875, it was found that the plaintiff had repeatedly during that period requested the defendant to give him a statement of all his charges for services and expenses while on his business, and that the defendant at different times furnished him statements of such account, covering in the whole the entire period, and that the charges in question were not included in the accounts thus presented; and there was no evidence that the omission to charge was owing to mistake.   Held that the plaintiff had a right to regard these services as gratuitous, and that the court properly rejected the charges.

Where there are current mutual accounts, interest does not run, in the absence of custom or agreement, until a bill is rendered or demand made.

The mere fact that an account is unliquidated is often, though not always, a decisive objection to the allowance of interest.

And the objection is much stronger where no sum has been named by either party as the amount to be charged until after a controversy has arisen.

ASSUMPSIT, on a promissory note and for money had and received; brought to the Superior Court in Hartford County. The defendant pleaded the general issue, with notice of a set-off of an account for services and expenses and for money paid.   The facts were found by a committee, and on the facts judgment rendered for the plaintiff, (*Hovey, J.*)   Motions in error by both parties.   The case is sufficiently stated in the opinion.

*R. D. Hubbard,* for the plaintiff.

*C. E. Perkins,* and *J. W. Johnson,* for the defendant.

Clark *v.* Clark.

Loomis, *J.* The questions in controversy have sole reference to the account which the defendant presented to the court as a set-off against the plaintiff's claim. The facts in regard to this matter were found in detail by the committee, and the question whether the account, in whole or in part, ought to be allowed was submitted to the court. The decisions of the court on this finding, in allowing or rejecting certain portions of the account, constitute the grievances which both parties seek to remedy by motions in error.

The account consists of gross yearly charges for services without specific dates, extending from the year 1832 to the year 1875, amounting without interest to $1,335.90 ; and with interest to the sum of $2,716.68. The finding groups the account under three items.

1. Services from 1832 to 1867 ; the principal, $454, was allowed, and the interest, amounting to $742.20, was disallowed.

2. Services from 1843 to 1857 ; the principal, $381, was allowed, and the interest, $639.48, disallowed.

3. Services from 1868 to 1875, amounting to the sum of $500, was rejected by the court.

The only question presented by the plaintiffs' motion is whether the facts justified the court in allowing the principal sums mentioned in the first and second items. This question is rendered more doubtful and complicated because many of the facts found by the committee were in their nature merely evidential of the ultimate or controlling fact in the case ; as, for example, the intimate relations between the parties, who were brothers, the omission of the defendant to place a money value on his services, or charge them on book, or present a bill, notwithstanding repeated accountings as to money collected for the plaintiff ; all of which tended to prove that the services were friendly offices not intended to be made the subject of legal obligation, which, had it been so found, would have settled the whole question. But these evidential facts, having performed their office with the committee, did not result in such a finding ; but on the other hand the committee further finds, as to the first item, that from November

1832 to the year 1867 inclusive, the defendant, at the request of the plaintiff, performed the services mentioned, and has received no compensation therefor, and that the services were performed by the defendant under an expectation and hope of reward, and were worth the sum charged. In addition to these facts, it is found that the plaintiff at different times acknowledged his obligation to the defendant and promised to pay for the services.

These facts, without the express promise, clearly embrace all the essential elements of a legal obligation, namely, an employment of the defendant by the plaintiff, and a rendering of the services contemplated with the expectation of reward. In such a case the law implies a promise to pay for them what they are reasonably worth.

As to the second item, the committee finds that the defendant, at his own expense, boarded the plaintiffs' minor child from July 1843 to April 1851, continuously (with a slight exception,) under expectation of reward, and that the plaintiff knew by whom his child was supported; and also that there was some evidence tending to prove a direct acknowledgment and promise by the plaintiff. The action of the court as to this item is not so clearly justifiable as in the case of the first item, by reason of the omission to find an express request on the part of the plaintiff, and we have some hesitation in regard to it. The finding however will by no means justify the assumption that the defendant by an unsolicited and purely officious act of his own attempted to make himself the creditor of the plaintiff. On the contrary, the finding that the services were rendered under the expectation of reward directly negates such an assumption, and is equivalent to saying they were not intended to be gratuitous on the part of the defendant.

It does not appear that the plaintiff either regarded or would be justified in regarding the services as gratuitous, while the fact that there was some evidence of a direct acknowledgment and promise to pay by the plaintiff, though of course not warranting us in regarding such acknowledgment and promise as proved, would yet seem to make it quite

certain that the plaintiff knew that the defendant was expecting compensation for the services. And considering the plaintiffs' legal duty to furnish the support, and his actual knowledge that the defendant was rendering him this valuable service, and in the expectation of reward, we conclude that it was not erroneous for the court to construe the finding in such manner as would furnish the necessary elements of a legal obligation.

We come now to the defendant's motion, which presents two questions:—

·1st. Did the court err in rejecting the third item, being the claim for five hundred dollars? and,

2d. Was it erroneous to disallow interest on the principal sums in the first and second items?

The services embraced in the first question commenced in the year 1868, and it is found that early in that year, and at different times during the year, the plaintiff requested from the defendant a statement of his charges for expenses, time and services while on the plaintiffs' business, which the defendant ignored or declined to comply with till May, 1869. At this date the defendant furnished an account containing such items for 1868, and up to May 1st, 1869. Subsequently similar accounts were presented covering the entire period in question. It will be seen that the points of distinction between this item which the court disallowed, and items first and second, which were allowed, are manifest.

There was no expectation of reward in this instance and nothing to indicate an intention to charge. The omission of these services by the defendant when rendering these statements was not owing to any inadvertence or mistake. The plaintiff therefore had a right to regard all items of service, knowingly omitted by the defendant from these statements of account, as entirely gratuitous, and the defendant must have known they would be so regarded. We think the court properly rejected the claim.

The defendant further claims that the court erred in refusing to allow interest on the first and second items.

The rule as to interest as laid down in the case of *Crosby*

v. *Mason*, 32 Conn., 488, is that " primâ facie, a mere account on book does not draw interest.    Evidence may be introduced to show that by agreement ·or understanding of the parties interest may be charged.    Proof of custom is also allowed."

The items in question, though proper matters of book account, were never in fact charged on book; but this omission, under the circumstances, makes the matter worse for the defendant, for the amount of the charges, it seems, was never fixed even in his own mind till after suit brought.

The mere fact that an account is unliquidated is often, (though not always in this state,) a decisive objection to the allowance of interest.    *Doyle* v. *St. James's Church*, 7 Wend., 178;  *Reid* v. *Rensslaer Glass Co.*, 3 Cowen, 425;  *Gannell* v. *Skinner*, 2 Gall., 45;  *Cooper* v. *Cotes*, 21 Wall., 111; *McCollum* v. *Seward*, 62 New York, 316.

It seems to us the objection is much stronger where, as in this case, no sum had ever been indicated by either party as the amount of the debt due for services till after the litigation had commenced.

The defendant claims that the eighth rule for the allowance of interest mentioned in *Selleck* v. *French*, 1 Conn., 32, will control the case at bar.    Where services are performed and charged on book, and it appears that they were to be paid for in a reasonable time, and were not to rest on book as a mutual account, then if payment be unreasonably delayed, interest may be recovered, though the account has not been liquidated.    If this rule was applicable it might well be doubted whether the payment was unreasonably delayed, considering that the defendant during the forty years and more that he was rendering these services wholly omitted to make any claim for them, notwithstanding frequent accountings in regard to moneys collected by means of these same services.

But we think this case comes more appropriately within the provisions of the ninth rule laid down in the case referred to.    It is properly a case of current mutual accounts, where, in the absence of custom or agreement, interest does not run unless the bill is rendered or demand made.    In this

Clark *v.* Clark.

class of cases the rule in this state is the same that obtains generally in other states. *Selleck* v. *French,* supra; *McIlvaine* v. *Wilkins,* 12 N. Hamp., 474; *Barnard* v. *Bartholomew,* 22 Pick., 291; *Goff* v. *Rehoboth,* 2 Cush., 475; *Amee* v. *Wilson,* 22 Maine, 116.

If the defendant had treated this matter as he should have done, he would have credited the plaintiff with the money collected from time to time in his behalf, and charged him for the services by which the collections were made, as well as for the moneys paid over, and the balance would have been the debt due. This would have brought the case within the rule referred to as to running accounts. And here we repeat that the defendant's claim, so far from being better is really so much the worse by his delay, for over twenty years on the average, to charge his side of the account, and then being obliged, under the pressure of a pending controversy with the plaintiff, to depend on his unassisted recollection, not only as to services, but as to the amounts and dates. It is easy to see how uncertain and how unjust such a basis might be for the computation of the interest.

There is no error in the judgment as respects either party.

In this opinion the other judges concurred.