The defendant has appealed from a judgment in the plaintiff's favor for services rendered in training the defendant's colt. The appeal raises five issues: two attack the complaint; a third, the court's validation of the plaintiff's attachment; a fourth, the court's finding in the plaintiff's favor on the defendant's counterclaim; and a fifth, the court's refusal to correct a portion of the transcript.
The complaint contained the common counts together with a bill of particulars. The bill of particulars in effect struck out of the common counts all of the paragraphs not applicable. Douglass v. Brandt, 99 Conn. 161, 163. The complaint, so revised, alleged that the defendant was indebted to the plaintiff for services performed for the defendant by breaking and training his colt, and it claimed the reasonable value of the services performed and expenses. That was a sufficient averment of an employment by the defendant, express or implied. Patchen v. Delohery Hat Co., 82 Conn. 592, 594. In that case the law implies a promise to pay the reasonable value of the services. Clark v. Clark, 46 Conn. 586,588. As for the defendant's claim of variance, it is immaterial that a complaint alleges *Page 759 
reasonable value and the proof shows an agreed price, or vice versa. The plaintiff recovers in either case. Practice Book 150.
The defendant attacks the trial court's action in denying his motion to quash the attachment of his colt and in granting the plaintiff's motion for a prejudgment remedy. That issue is moot because following the trial court's action a statutory bond was substituted for the attachment and the attachment was discharged. Reynolds v. Vroom, 130 Conn. 512, 515.
The fourth count of the defendant's counterclaim alleges that the plaintiff returned to the defendant a bailed mare in a debilitated condition and that that condition was caused by the plaintiff's neglect. The court found that the mare was returned in an unhealthy condition. The court also found that the mare's condition at the time of the bailment was worse than when she was returned. There is support for both findings in the evidence. Although the return of bailed property in a damaged condition raises a presumption that it was attributable to the negligence of the bailee; Malone v. Santora,135 Conn. 286, 291; that presumption no longer prevails once the bailee proves the actual circumstances involved in the damaging of the property. The burden is then on the bailor to establish that the bailee's conduct was negligent. Leake Nelson Co. v. W. J. Megin, Inc., 142 Conn. 99,102. Thus, the court's finding with respect to the relative condition of the mare at the time of the bailment and at the time of the return removed the foundation for a judgment for the defendant on the fourth count of his counterclaim.
The defendant's claim that the transcript is inaccurate in certain respects avails him nothing. Not only did the trial court find that the disputed transcript was substantially correct, but the defendant *Page 760 
does not show how he was prejudiced by the claimed errors or omissions. The record does not show that the defendant filed a motion for a continuance or for a mistrial. It is axiomatic that for error to be reversible, it must be shown not only that there was error but also that the error was harmful. State v. Tropiano, 158 Conn. 412, 427.
The remaining assignments of error have not been pursued in the brief and are, therefore, considered abandoned. State v. Hall, 165 Conn. 599, 607.
 There is no error.
PARSKEY, D. SHEA, and SPONZO, Js., participated in this decision.