EDMUND P. DOUGLASS vs. EWALD BRANDT.

Second Judicial District, Norwich, April Term, 1923.
WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

In an action upon the so-called common counts, supplemented by a bill of particulars, the plaintiff sought to recover the reasonable worth of his services as a physician for services rendered to a child run into and injured by the defendant in driving his automobile, and brought by the defendant to the plaintiff's office; and the only issue submitted to the jury was whether or not the defendant promised to pay the plaintiff for such services as he might render to the child. The jury returned a verdict for the plaintiff and the defendant appealed. *Held:*—

1. That all the elements necessary to a legal contract were in evidence before the jury.
2. That the performance of medical services by the plaintiff, which he was not bound to render, in reliance upon the defendant's promise to pay therefor, constituted in law a valid consideration.
3. That the undertaking of the defendant was an original and not a collateral one, and therefore was not within the statute of frauds.
4. That the action could be maintained upon the common counts for work performed and professional services rendered, which were the only counts to which the bill of particulars applied, and that upon proof of such averments the plaintiff was entitled to recover the reasonable worth or value of his services.

Submitted on briefs April 24th—decided June 1st, 1923.

ACTION to recover for services rendered by a physician to a child injured by the defendant, brought to the Court of Common Pleas in New London County and tried to the jury before *Waller, J.;* verdict and judgment for the plaintiff for $138, and appeal by the defendant. *No error.*

*Benjamin H. Hewitt,* for the appellant (defendant).

*Warren B. Burrows,* for the appellee (plaintiff).

WHEELER, C. J. Upon the trial the plaintiff claimed to have proved that on October 23d, 1921,

at Groton, the defendant, while operating his automobile, ran into and against a child named Kenneth Radmore, thereby causing him serious injury; that the defendant thereupon took the child to the home of his parents and from thence to the office of the plaintiff who was a practicing physician; that plaintiff informed defendant that the child was seriously injured, would have to be taken to a hospital and would require careful attention, and asked who would be responsible financially for the treatment, and the defendant immediately said, "I am responsible, Doctor, I will pay all bills"; that the child was then taken to the hospital where he was treated by the plaintiff for more than a month, that when the child was brought to the hospital the matron asked the defendant if he would pay the hospital bills, and. the defendant replied: "I will pay all bills"; and that subsequently, at plaintiff's office, the defendant stated to the plaintiff at one time that he expected to pay all the bills, and at another time that he would pay them and asked plaintiff to be as reasonable as possible; and that plaintiff stated to the defendant that he would discount the bill if he would pay it without delay, which he promised to do.

The defendant offered evidence to prove that he did not promise to pay or to be responsible for the services rendered, either at the time the child was in the plaintiff's office or at any subsequent time.

The questions which the defendant presents upon his appeal are four:—

1. Were the circumstances such that a contract on the part of the defendant can be inferred to pay the plaintiff for the services for the value of which this action was begun? The finding recites, as the foundation of this action, an express promise on the part of the defendant to pay for all services required

in the treatment of the injured child, coupled with his explicit assertion of responsibility for the services so rendered. This is an original oral promise, upon the faith of which the plaintiff performed services. If the contract is not barred by the statute of frauds, it has all the elements necessary to a legal contract.

2. Is there a consideration for the contract? The answer is that the plaintiff in reliance upon the defendant's promise performed these services which he was not legally bound to do, and this constitutes in law a valid consideration. *Rice* v. *Almy,* 32 Conn. 297, 304.

3. Is the oral contract within the statute of frauds? The answer must be, no, since the undertaking of the defendant was an original promise, and not a collateral one. The defendant claims that "generally speaking an oral undertaking by a person not previously liable for the purpose of securing the debt or performing the same duty for which the person, for whom the undertaking is made, remains liable, is within the statute and must be in writing." This is true, but the situation as found by the court makes this principle wholly inapplicable, and the court's refusal to instruct the jury upon the statute of frauds was properly based upon the fact that the evidence did not authorize a finding of a collateral undertaking, and it was as to such only that the statute of frauds applied. The issue submitted to the jury was one of fact as to whether there was an original contract on the part of the defendant, as the plaintiff claimed, or that there was no such promise, as the defendant claimed, and this was the only issue properly before the jury.

4. Could an action of this character be brought under the common counts? The bill of particulars in effect struck out all of the paragraphs of the common counts not applicable, and left the case as one for

work performed and professional services rendered under an express employment to pay a compensation not determined, of a named value, which the defendant has never paid. For such a case the common counts is an appropriate remedy. In *Patchen* v. *Delohery Hat Co.*, 82 Conn. 592, 595, 74 Atl. 881, in an action for work done and material furnished, we said: "That situation disclosed an express employment by the defendant· of the plaintiffs to do the work and furnish the materials in question, an absence of an agreement as to the compensation to be paid therefor, and performance on the plaintiffs' part. They thus became entitled to a reasonable compensation for labor done and materials furnished."

There is no error.

In this opinion the other judges concurred.