H. B. Toms Tree Surgery, Inc. *v.* Peter M. Brant
James Fanning *v.* Peter M. Brant

Speziale, C. J., Peters, Parskey, Armentano and Shea, Js.

Argued May 12—decision released June 15, 1982

*Miles F. McDonald, Jr.,* for the appellant (defendant in each case).

*George W. Scott, Jr.,* for the appellees (plaintiff in each case).

PER CURIAM. These appeals arise out of the plaintiffs' performance of extensive landscaping services at the request of the defendant Peter M. Brant. The plaintiff H. B. Toms Tree Surgery, Inc., a landscape contractor, brought an action in express and implied contract to recover for the value of labor, material and machinery used to landscape the defendant's property off Taconic Road in Greenwich. The plaintiff James Fanning, a landscape architect, brought a separate action to recover fees for services rendered in connection with various improvements on the defendant's property; in part he claimed a fee to be calculated as a percentage of the Toms recovery. The defendant denied liability in both causes of action and filed a counterclaim as to each. After a consolidated trial, judgment was rendered for each plaintiff on the complaint and the counterclaim, and the defendant filed timely appeals. Since the defendant's appeal in the Fanning case is limited to that part of the Fanning fee that is attributable to the Toms work, the cases were combined for appeal in this court.

The trial court's memoranda of decision contain extensive findings describing in detail the relationship between the parties and the services rendered by the plaintiffs. These findings of fact have not

been questioned on this appeal. For present purposes, we need note only the following: The plaintiffs Toms and Fanning performed substantial landscaping services at the defendant's request. Their work was properly done and the defendant expected to pay them for it. The pattern of dealing between the parties was essentially informal. Despite the occasional solicitation and submission of written estimates for the work to be done by Toms, its workmen on the job site were continuously directed to do extra work, without formal quotation, with the knowledge and the consent of the defendant. For the work done in the fall and winter of 1973, the defendant paid, without protest, bills substantially in excess of Toms' written estimate. For the work presently at issue, the defendant paid, in the summer of 1974, amounts totalling $36,000 when estimates had been received for no more than $10,000. The volume of extra work made it difficult, according to Toms, to keep specific track of what work was extra, and Toms so informed Fanning, who indicated that the defendant would pay for all the work.

In light of all these circumstances, the trial court found that the plaintiff Toms, though failing to establish any express contract, could recover on the second count of his complaint alleging an implied contract. To calculate the value of the plaintiff Toms' work, the court determined that the only feasible criterion was to compensate Toms "on a time basis for labor and equipment use and operation and unit charges for materials furnished." Applying this test, the court awarded Toms the sum of $53,410.92 together with interest and costs.

The defendant has pursued on this appeal three issues, one procedural and two substantive, that

are all variations on one central theme. Because the defendant is of the view that there were binding express contracts between himself and Toms which required any additional work to be separately valued and itemized as extras, the defendant finds fault with the trial court's Toms memorandum of decision, which makes no express finding about such contracts, and with the substantive basis for its award of damages and of interest.

We will deal first with the defendant's claim that the trial court was obligated, in stating the factual basis for its decision, to consider explicitly the express contracts now claimed by the defendant to be controlling. There are several answers to this claim. The record is unclear whether this claim was expressly called to the attention of the trial court; although there was testimony at trial about the solicitation of estimates from the plaintiff Toms, the defendant never filed a pleading relying on express contracts as a defense to Toms' cause of action in implied contract. The record is clear, however, that the defendant did not avail himself of any of the opportunities provided under our rules of practice for the clarification of a memorandum of decision that a party deems incomplete. See Practice Book §§ 3082, 3096. The trial court's decision to award damages "on a time basis" discloses its implicit refusal to find that the parties were bound by express contracts. On this record, no more was required.

The defendant's principal substantive claim is that the trial court erred in failing to recognize that the existence of express contracts between Toms and the defendant precluded Toms' right to recover on the basis of an implied contract. We do not

disagree with the defendant's theoretical position that parties who have entered into controlling express contracts are bound by such contracts to the exclusion of inconsistent implied contract obligations. See *Freda* v. *Smith,* 142 Conn. 126, 134, 111 A.2d 679 (1955); *Collins* v. *Lewis,* 111 Conn. 299, 304, 149 A. 668 (1930). What is fatally missing in this case, however, is the factual predicate for the application of this principle. The trial court made no finding that Toms and the defendant intended to commit themselves to express contracts dealing with the whole range of landscaping services that Toms performed for the defendant. On the contrary, as in *Charter Oak Estates, Inc.* v. *Kearney,* 160 Conn. 522, 529-30, 280 A.2d 885 (1971), the court found that Toms realized from the outset that the work it was doing far exceeded the estimates it had prepared, so informed the defendant, and was directed to proceed. Under these circumstances, the trial court could reasonably conclude that the conduct of the parties established an implied agreement to pay for the reasonable value of all of the labor and materials furnished. The defendant's claim founders on the absence of the factual foundation needed to sustain it.

The defendant's final substantive claim of error is equally unpersuasive. The defendant maintains that the trial court erred in awarding interest to the plaintiff Toms because, in the defendant's view, Toms never tendered proper demands for payment. That view, in turn, depends upon the defendant's argument, which we have just rejected, that Toms was bound, because of express contracts with the defendant, to itemize separately work done by Toms as extras. Since we have decided that Toms

was entitled to recover the value of its materials and services on an overall implied contract basis, and since no objection had previously been made to payment of unitemized bills, we cannot agree that Toms failed to make appropriate demands for payment. Toms' right to interest therefore falls within the ordinary rules which permit such an award, in contract actions, to compensate an injured party for the loss of use of money. As we have often held, "the determination of whether interest is a proper element of damages is to be made in view of the demands of justice, not through the application of any arbitrary rules . . . and . . . the allowance of interest is primarily an equitable determination to be made within the discretion of the trial court." *Scribner* v. *O'Brien, Inc.,* 169 Conn. 389, 405–406, 363 A.2d 160 (1975); *Bertozzi* v. *McCarthy,* 164 Conn. 463, 466–67, 323 A.2d 553 (1973); *Cecio Bros., Inc.* v. *Feldmann,* 161 Conn. 265, 274–75, 287 A.2d 374 (1971). The defendant has not suggested any abuse of discretion here.

There is no error in the appeal in the Toms case. No further grounds of appeal having been raised in the Fanning case, there is no error in the appeal in the Fanning case.