[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case comes before the court upon the plaintiff's motion for judgment in accordance with the report of a court-appointed fact-finder and the defendant's objection to the finding of fact.
The complaint, as amended, alleges that the plaintiff performed various landscaping services at the request of the defendant and that the defendant failed to pay for the services rendered. Count One alleges an express oral contract; Count Two seeks recovery in quantum meruit. The fact-finder determined that there was no express contract concerning the price to be charged for the services requested and recommended that judgment enter for the defendant as to Count One. The fact-finder found that in June 1988 the defendant had asked the plaintiff to perform various services under circumstances in which there was a duty to pay for services received. He found that most of the services were rendered in June 1988 and that reseeding and aeration of the defendant's lawn were completed in the spring of 1989.
The fact-finder determined that the reasonable value of the services provided was $2,925.50 and recommended that judgment enter in that amount in favor of the plaintiff as to Count Two, without interest.
The defendant asserts in his objection that the fact-finder should have characterized the transaction as an express oral contract, not an implied contract, that 52-581 C.G.S. supplied the applicable statute of limitation, and that the three year period specified in that statute began in June 1988 and had expired before the plaintiff commenced suit on December 26, 1991.
The defendant states in his objection that "the evidence dictates that an express contract was formed between the plaintiff and the defendant — not an implied contract as found by the fact-finder with respect to Count II" and that "Exhibit A does not list or make reference to reseeding and aerating defendant's lawn as stated in paragraph 8" (presumably a reference to a paragraph in the factfinder's report).
Section 546H P.B. provides for the following grounds for objection to a fact-finder's report:
 A party may file objections to the acceptance of a finding of facts on the ground that conclusions of fact stated in it were not properly reached on the basis of the subordinate facts found, or that the fact-finder erred in rulings on evidence or in CT Page 5011 other rulings, or that there are other reasons why the finding of facts should not be accepted.
The claim that the fact-finder simply failed to make the factual determination urged by a party is not among the enumerated grounds. The third ground listed in 546H must be understood as referring to a ground similar to the other two enumerated grounds under the principle of ejusdem generis. See Eastern Connecticut Cable Television, Inc. v. Montville, 180 Conn. 409, 413 (1980); Easterbrook v. Hebrew Ladies Orphan Society, 85 Conn. 289, 296
(1912). There is no provision for trial de novo in fact-finding cases as there is for arbitration cases; See 546S; and the third ground enumerated in 546H P.B. cannot therefore be understood to include claims of error in initial determinations of subordinate facts.
The court finds that the first and second of the defendant's objections challenge the accuracy of the factual determination of the fact-finder as to subordinate facts and that there are no grounds for disturbing those findings within the scope of review designated in 546H.
The final objection of the defendant is that the fact finder erred in his determination that the statute of limitation began to run in the spring of 1989 rather than in the spring of 1988, when the work commenced. This objection challenges a legal determination and is reviewable pursuant to 546H P.B.
The finding of fact, at paragraph 10, includes the statement that there never was an agreed price for the work requested but that the defendant expected to pay. While the fact-finder also stated that the statute of limitations began to run in June 1989, he did not identify the actual statute applied. Based on his finding of an implied contract that was fully performed by the plaintiff, his finding of liability in quantum meruit is supportable by reference to 52-576 (a) C.G.S., which provides that an action on an implied contract shall be brought within six years, with certain exceptions not applicable here.
The court does not find that any of the three objections stated by the defendant furnishes a basis for setting aside or failing to render judgment in accordance with the findings of fact.
The plaintiff urges adoption of the report but asserts that interest should be awarded pursuant to 37-3a C.G.S., which provides for recovery of interest at the rate of ten percent per year "as damages for the detention of money after it becomes payable." CT Page 5012
With regard to the plaintiff's claim for interest, the fact-finder made the following statement: "It is found . . . that the defendant has paid nothing to the plaintiff; that as there was never an agreed price for which the plaintiff would charge the defendant, no interest is allowed. . . ." Connecticut's courts have rejected the approach that automatically denies interest as to an unliquidated or disputed claim; Campbell v. Rockefeller, 134 Conn. 585,591 (1948): and have held that the awarding of statutory interest is a determination to be made in view of the demands of justice rather than by arbitrary rule. H.B. Toms Tree Surgery, Inc. v. Brant, 187 Conn. 343, 348 (1982): Scribner v. O'Brien, Inc., 169 Conn. 389, 405-06 (1975).
Since the factfinder's denial of interest proceeded from the erroneous legal conclusion that interest could not be awarded, the court rejects the recommendation that interest not be included in the judgment. Based on the finding that the defendant ordered the work and then paid nothing at all since the work was completed in 1989, the court finds that is equitable to award interest for the retention of the payment due.
Judgment shall enter in favor of the plaintiff in the amount of $2,925.50 plus statutory interest from June 30, 1989 to the present in the amount of $853.27.
The plaintiff shall recover its court costs.
BEVERLY J. HODGSON JUDGE OF THE SUPERIOR COURT