HOMECARE, INC. *v.* MARY ANN ACQUARULO ET AL.
(13215)

DUPONT, C. J., and FOTI and LAVERY, Js.

Argued June 14—decision released August 15, 1995

*Michael P. Lawlor,* for the appellants (defendants).

*Ann Farrell Leslie,* with whom was *Gerald E. Farrell, Sr.,* for the appellee (plaintiff).

DUPONT, C. J. The defendants appeal from the trial court's judgment requiring the defendants to pay money damages to the plaintiff for home care services rendered by the plaintiff to the defendants' mother. The trial court rendered judgment in accordance with findings of fact determined by an attorney fact finder pursuant to General Statutes § 52-549n.[1] The defendants claim that (1) the trial court improperly accepted the fact finder's findings of fact, and (2) the plaintiff's action is barred by the statute of frauds, General Statutes § 52-550.[2]

The plaintiff filed an action seeking money damages for the defendants' alleged failure to pay for past services rendered to their mother, Concetta Santino,[3] and

[1] General Statutes § 52-549n provides: "In accordance with the provisions of section 51-14, the judges of the superior court may make such rules as they deem necessary to provide a procedure in accordance with which the court, in its discretion, may refer to a fact-finder for proceedings authorized pursuant to this chapter, any contract action pending in the superior court in which only money damages are claimed and which is based upon an express or implied promise to pay a definite sum, and in which the amount, legal interest or property in demand is less than fifteen thousand dollars exclusive of interest and costs. Such cases may be referred to a fact-finder only after the pleadings have been closed, a trial list claim has been filed, no claim for a jury trial has been filed at the time of reference, and the time prescribed in section 52-215 for filing a jury trial claim within thirty days of the return day or within ten days after the issue of fact has been joined has expired."

[2] General Statutes § 52-550 provides in pertinent part: "(a) No civil action may be maintained in the following cases unless the agreement, or a memorandum of the agreement, is made in writing and signed by the party, or the agent of the party, to be charged . . . (2) against any person upon any special promise to answer for the debt, default or miscarriage of another . . . ."

[3] The plaintiff also sought punitive and exemplary damages for fraud. The plaintiff claims that the defendants were "intentionally perpetuating a fraud" by requesting service for their mother, when they knew their mother lacked assets to pay for these services, and the defendants themselves had no intention to pay for such services.

the action was subsequently referred to a fact finder. Practice Book § 546D. The fact finder conducted a hearing to determine whether the defendants expressly or impliedly "obligated themselves, individually to pay for the health care for their late mother, Concetta Santino, or whether the home care undertaken was exclusively the obligation of Mrs. Santino."

The fact finder found that the defendant Mary Ann Acquarulo initially contacted the plaintiff requesting services for Santino, and that, thereafter, both she and the defendant Catherine Koch had a number of contacts with the plaintiff in order to extend or alter care provider shifts for their mother. The fact finder also found that all bills were sent by the plaintiff to Acquarulo and that neither of the defendants had any intent to defraud the plaintiff. The fact finder concluded by finding that the plaintiff was entitled to recover $3651 as the remaining balance on the account for past services rendered.[4]

The defendants filed an objection to the acceptance of the findings of fact on the ground that the conclusions of fact stated in the finding were not properly reached on the basis of the subordinate facts found or on the basis of evidence presented at the fact-finding hearing. The objection also claimed that the finding did not address the special defense raised by the defendants asserting that the plaintiff's action is barred by the statute of frauds.

In response to the defendants' objection, the fact finder issued a supplemental finding of fact. In this supplemental finding, the fact finder found the defendants' special defense regarding the statute of frauds to be without merit because the defendants' mother was "not a necessary party [to the contract] since there never

---

[4] At oral argument, the defendants conceded that the amount of this sum for past services rendered was not in dispute.

was any agreement with the plaintiff and the mother . . . ." Accordingly, the statute of frauds was not implicated because the debt in question was that of the defendants, while the mother was merely an incidental beneficiary of the agreement.

Pursuant to Practice Book § 546H, the defendants filed an objection to the acceptance of the supplemental findings of fact. The defendants claimed that the supplemental finding of fact that "there was never any agreement with the plaintiff and the mother" was inconsistent with the testimony of the plaintiff's only witness, Glenda Esposito. Esposito, the plaintiff's comptroller, testified that she was in possession of a written contract signed by the plaintiff and Santino. Neither party, however, sought to introduce the contract into evidence at the hearing, and the precise provisions of the contract are unknown. The trial court overruled the defendants' objection to the supplemental finding and rendered judgment in favor of the plaintiff.

The defendants first claim that the trial court improperly accepted the fact finder's determination that an implied contract existed between the plaintiff and the defendants. A contract implied in fact depends on an actual agreement that there be an obligation created by law that imposes a duty to perform, and it may be inferred from words, actions or conduct. *Therrien* v. *Safeguard Mfg. Co.*, 180 Conn. 91, 94–95, 429 A.2d 808 (1980). "It is not fatal to a finding of an implied contract that there were no express manifestations of mutual assent if the parties, by their conduct, recognized the existence of contractual obligations." *Rahmati* v. *Mehri*, 188 Conn. 583, 587, 452 A.2d 638 (1982). "Whether and on what terms a contractual commitment has been undertaken are ultimately questions of fact which, like any other findings of fact, may be overturned only if the trial court's determinations are clearly erroneous." Id.

The trial court's decision to accept the fact finder's determination that an implied contract existed was not clearly erroneous. There was undisputed evidence to support that conclusion, including testimony that the defendants made arrangements for the type of service and requested additional service from time to time, and that Acquarulo received the invoices for these services without objection.

The defendants argue that an express contract signed between the plaintiff and Santino superseded any inconsistent implied contract. While, as a matter of law, an express contract may exclude any inconsistent implied contract; *H.B. Toms Tree Surgery, Inc.* v. *Brant,* 187 Conn. 343, 347, 446 A.2d 1 (1982); the defendants have failed to produce any factual predicate for application of this principle. The defendants did not produce the contract itself or any evidence showing that an express contract superseded an inconsistent implied contract. The only evidence offered by the defendants was a statement made by an employee of the plaintiff who acknowledged the existence of an express contract between the plaintiff and Santino. The trial court's acceptance of the fact finder's finding of an implied contract based on conduct and verbal communications was not clearly erroneous because there was no evidence before the fact finder that an express contract negated the implied contract.

The defendants next argue that the implied contract found by the trial court falls within the statute of frauds and is void. The defendants argue that the implied contract established the defendants as sureties to guarantee the payment of their mother's debt, and such obligation must be in writing in order to be enforceable. General Statutes § 52-550 (a) (2). The trial court, however, found that the defendants had originally agreed to pay for the services rendered to their mother. Under these circumstances, the statute of frauds is not

applicable, and the trial court properly rejected this claim. See *Douglas* v. *Brandt*, 99 Conn. 161, 121 A. 179 (1923).

The judgment is affirmed.

In this opinion the other judges concurred.