[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION TO STRIKE COMPLAINT
The defendants have moved this court to strike the Second, Third, Fourth and Fifth counts of the plaintiff's complaint for CT Page 1580 the reason that they do not state a claim upon which relief can be granted nor do they sufficiently allege a cause of action.
The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. Novametrix MedicalSystems vs. BOC Group, Inc. 224 Conn. 210, 214 (1992). A motion to strike will be granted where the complaint does not set forth facts which would entitle the plaintiff to relief. Waterbury vs.Connecticut Railway and Lighting Co. 86 Conn. 180, 188 (1912).
A motion to strike admit facts well pleaded although it does not admit legal conclusions. Rossignol vs. Danbury School ofAeronautics, Inc. 154 Conn. 549, 557 (1967).
AS TO THE SECOND COUNT:
The defendants claim that the Second Count sounding in quantum meruit is not legally cognizable as a theory of recovery where a written contract exists. They argue that since the plaintiff and the defendant City of Meriden have entered into a written contract, the plaintiff cannot recover on the grounds of quantum meruit. A. Secondino Son vs. LoRicco, 215 Conn. 336, 340
(1990).
The plaintiff's complaint alleges that the City of Meriden entered into a contract with the defendants Francini and Jeter to make additions and renovations to the Ben Franklin School located in that city. The plaintiff alleges that it entered into a subcontract with the defendant City of Meriden to perform certain work at the school and that Ferancini and Jeter, as agents of the City of Meriden, instructed the plaintiff to "accelerate the completion of the work" and that it further entered into several "change order agreements" which resulted in additional work for the plaintiff for additional compensation. The plaintiff has sued for that extra compensation in the Second Count on the theory of quantum meruit.
The defendants argue that recovery in quantum meruit is not available when a written contract exists. "[Q]uantum meruit [is a form] of the equitable remedy of restitution by which a plaintiff may recover the benefit conferred on a defendant in situations where no express contract has been entered into by the parties."Burns v. Koellmer, 11 Conn. App. 375, 385, 527 A.2d 1210 (1987) (finding that recovery in quantum meruit was appropriate because CT Page 1581 the complaint did not allege an express contract). "Quantum meruit . . . is the form of action which has been utilized when the benefit received was the work, labor, or services of the party seeking restitution." Id., 384.
"Quantum meruit is the remedy available to a party when the trier of fact determines that an implied contract for services existed between the parties, and that, therefore, the plaintiff is entitled to the reasonable value of services rendered." Id., 383. "Such contracts are determined from evidence of the parties' course of conduct which implies a promise to pay for the services rendered." Id. "The pleadings must allege facts to support the theory that the defendant, by knowingly accepting the services of the plaintiff and representing to her that she would be compensated in the future, impliedly promised to pay her for the services she rendered." Id.
"A true implied contract can only exist where there is no express one." Collins v. Lewis, 111 Conn. 299, 304, 149 A. 668
(1930).
"It may once have been true that a plaintiff could not assert two theories of recovery in the same action." Burns v. Koellmer,
supra, 11 Conn. App. 385. "The fact-based pleadings now in use can support in a single action previously incompatible theories . . ." Id., 386. In Fuessenich v. DiNardo,195 Conn. 144, 148, 487 A.2d 514 (1985), the defendants, like those in the present case, challenged the sufficiency of the plaintiffs' pleadings on the ground that the plaintiffs could not recover damages under a single count complaint for both express contract and in quantum meruit. The Connecticut Supreme Court held that the trial court correctly allowed recovery "both on the express contract and for quantum meruit". Id., 147-48. "A plaintiff may assert theories of recovery based on express contract and quantum meruit in the same action." Hollis v. Gervais, Superior Court, judicial district of New London at Norwich, Docket No. 097447 (September 8, 1992, Koletsky, J.). In that situation, "it is for the trier of fact to determine whether the plaintiff has proved both, neither or but one of them." Burns v. Koellmer, supra,11 Conn. App. 386.
The existence of an express contract between the parties does not prevent a court from granting equitable relief to one of the parties as long as the relief is not inconsistent with the contract. See Polverari v. Peatt, 29 Conn. App. 191, 199, CT Page 1582614 A.2d 484 (1992), cert. denied, 224 Conn. 913, 617 A.2d 168 (1992) (affirming trial court's award of equitable relief because express contracts did not obligate parties in any way). Generally, though, "a party to an express contract cannot assert a claim for quantum meruit . . . for work covered by the contract. Shay v. Gallagher, Superior Court, judicial district of Fairfield, Docket Number 302341 (Jan. 23, 1995, Levin, J.), citing Rosick v. Equipment Maintenance Service, Inc.,33 Conn. App. 25, 37-38, 632 A.2d 1134 (1993). In Rosick v. EquipmentMaintenance Service, Inc., supra, 33 Conn. App. 25,632 A.2d 1134 (1993), the plaintiff provided materials and labor in addition to those required in the original contract. Because the contract "provided a procedure for the subcontractor to make claims for additional costs", the expense incurred in providing the additional materials and labor was considered within the scope of the contract and the quantum meruit claim was barred. Id., 38. "In determining the scope of a contract, `[t]he plain, clear language of the contract must be accorded its logical effect.'" Id., 37, citing Four D's, Inc. v. Mattera,25 Conn. App. 308, 313, 594 A.2d 484 (1991).
The plaintiff, in the present case, alleges that an express contract exists between the parties. The plaintiff, however, argues that the services for which compensation is yet required are beyond the scope of this express contract. This argument is inconsistent with the plaintiff's allegation that the city refused to approve change order requests and that there is a contractually specified sum with regard to change order requests. The change order request procedure and contractually specified sum assigned to such requests constitutes a contractual procedure whereby the plaintiff may submit claims for additional costs. Therefore, recovery in quantum meruit for additional labor and materials covered by the change order requests is not appropriate in the present case. See Rosick v. Equipment Maintenance andService, Inc., supra, 33 Conn. App. 38.
The plaintiff also alleges that requests for extensions of overhead costs had not been approved "pursuant to the requirements of the contract between the Plaintiff and Defendant, City of Meriden." (Complaint, Count 5, ¶ 15.)
In H.B. Toms Tree Surgery, Inc. v. Brant, 187 Conn. 343, 346,446 A.2d 1 (1982), the plaintiff provided services in addition to those listed in the original estimate. The defendant argued on CT Page 1583 appeal that the additional services, though extras, were controlled by the express contract and that the plaintiff should not have recovered under an implied contract theory. See Id. The court held that in the absence of a trial court finding of a controlling express contract, it was reasonable to conclude that an implied agreement existed. Id., 347. The plaintiff's referral to a contractual requirement regarding the approval process for overhead extension cost requests indicates that an express contract is controlling here. Therefore, recovery in quantum meruit for overhead extension costs is not appropriate in the present case and the motion to strike the Second Count of the plaintiff's complaint is granted. See Rosick v. EquipmentMaintenance and Service, Inc., supra, 33 Conn. App. 38.
 AS TO THE THIRD COUNT:
The defendants argue that an action under CUTPA cannot be maintained against a municipality. In Danbury v. Dana InvestmentCorp., 249 Conn. 1, 20, ___ A.2d ___ (1999), the Connecticut Supreme Court held that the plaintiff municipality was exempt from CUTPA because "[t]he process by which the city assesses real estate is authorized and regulated expressly by a pervasive statutory scheme." The Connecticut Supreme Court has also exempted municipal housing authorities from CUTPA liability in leasing subsidized units to low income persons for the same reason. See Connelly v. Housing Authority, 213 Conn. 354, 365,567 A.2d 1212 (1990); see also Stratford v. Siciliano,9 Conn. L. Rptr. 507 (September 13, 1993, Leheny, J.). Additionally, "[m]ost Superior Court decisions have broadened, rather than restricted the scope of this ruling making it applicable to municipalities as well as housing authorities." LaClair v. East HartfordHousing, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 574379 (February 3, 1998, Wagner,J.) (21 Conn. L. Rptr. 359); see also Lomaglio Construction v.Berlin, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 529998 (March 16, 1994, Wagner J.) (11 Conn. L. Rptr. 239) (defendant municipality exempt from CUTPA claim); Metcalfe v. Ridgefield, Superior Court, judicial district of Stamford, Docket No. 103042 (April 27, 1990, Flynn, J.) (1 Conn. L. Rptr. 553) (CUTPA not applicable to defendant municipality because FTC Act, which determines scope of CUTPA, was never applied to local public agency); Chernet v. Wilton,
Superior Court, judicial district of Stamford, Docket No. 108840 (September 28, 1990, Cioffi, J.) (2 Conn. L. Rptr. 475) (relying on reasoning in Metcalfe, in part, in finding CUTPA claim against CT Page 1584 municipality legally insufficient). Accordingly, it is submitted that in the present case the city, as a municipality, is not subject to CUTPA and the motion to strike the Third Count of the plaintiff's complaint is granted.
 AS TO THE FOURTH AND FIFTH COUNTS:
The defendants have moved this court to to strike the Fourth Count and the Fifth Count of the plaintiff's complaint which allege that Francini and Jeter tortiously interfered with the contract between the city and the plaintiff. The defendants argue that Francini and Jeter "were known agents for a disclosed principal and that they cannot `tortiously interfere' with their own contract." (Motion to Strike.) "This court has long recognized a cause of action for tortious interference with contract rights or other business relations." Daley v. Aetna Life Casualty Co., 249 Conn. 766, 805, 734 A.2d 112 (1999). "An action for intentional interference with business relations . . . requires the plaintiff to plead and prove at least some improper motive or improper means." (Citations omitted.) Id. "A claim for tortious interference with contractual relations requires the plaintiff to establish (1) the existence of a contractual or beneficial relationship, (2) the defendants' knowledge of that relationship, (3) the defendants' intent to interfere with the relationship, (4) the interference was tortious, and (5) a loss suffered by the plaintiff that was caused by the defendants' tortious conduct." Collum v. Chapin, 40 Conn. App. 449, 452,671 A.2d 1329 (1996). The plaintiff must "plead and prove at least some improper motive or improper means." Kakadelis v. DeFabritis,191 Conn. 276, 279, 464 A.2d 57 (1983).
"[T]here can be no intentional interference with contractual relations by someone who is directly or indirectly a party to the contracts." Multi-Service Contractors, Inc. v. Vernon,193 Conn. 446, 451, 477 A.2d 653 (1984). "As agents of the town which was a party to the contract, the named defendants could not be considered strangers to the contract at issue." Id. "An agent acting legitimately within the scope of his authority cannot be held liable for interfering with or inducing his principal to breach a contract because to hold him liable would be, in effect, to hold the corporation liable in tort for breaching its own contract." Murray v. Bridgeport Hospital, 40 Conn. Sup. 56,60-61, 480 A.2d 610 (1984). Francini and Jeter were agents of the city. They could not tortiously interfere with the contract between the plaintiff and the city if they were "acting CT Page 1585 legitimately within the scope of [their] authority."Multi-Service Contractors, Inc. v. Vernon, supra, 451.
The plaintiff states in the complaint that both Francini and Jeter were agents of the city acting within their authority. The existence of agency, therefore, is not at issue with regard to Francini and Jeter. For that reason, Francini and Jeter could not tortiously interfere with the contract between the city and the plaintiff and the motion to strike the Fourth and Fifth Counts of the plaintiff's complaint is granted.
By the Court,
Joseph W. Doherty, Judge