[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
A. Background: This is an action sounding in breach of contract, alleging that the defendant has failed to pay the plaintiff for landscaping services provided on a road job in Killingly, Connecticut (First Count), and on the Killingly Airport job also in Killingly, Connecticut (Second Count). The plaintiff seeks money damages, interest, costs and an attorney's fee. The defendant has admitted the existence of both contracts and that the plaintiff provided services in both, but denies that the services were completely and properly performed in accordance with the contracts.
The defendant has also pleaded By Way of Setoff, a claim that the plaintiff owes the defendant money on the airport job (Second Count) because of liquidated damages which were assessed against the defendant by the State of Connecticut because of the plaintiffs faulty and incomplete work. The defendant further claims in its By Way of Setoff that the plaintiff owes it money on the road job (First Count) for costs incurred by the defendant to hire another subcontractor to complete the job. In the plaintiffs Trial Management Report filed July 12, 2000, which was two weeks prior to trial, plaintiffs counsel stated that the defendant was claiming offset and that offset was a disputed issue. During trial, the court permitted the defendant to amend its answer to include the above two claims. This should have been done by counterclaim, but the effect is the same, so the Court will treat the By Way of Setoff as if it were a counterclaim, and the court will assume that the plaintiff denies the allegations of the By Way Of Setoff. The burden of proof as to these issues is on the defendant by a fair preponderance of the evidence. The defendant is ordered to file a CT Page 9780 counterclaim and the plaintiff to file an answer to it.
B. Factual Findings: After review of the trial testimony of the witnesses, the exhibits and the post trial briefs submitted by both counsel, and having evaluated the credibility of the various witnesses, the court makes the following findings of fact:
1. First Count-CT State Project 68-184, SR 695
 a. The contract provided that the defendant would pay the plaintiff $.35 per square yard for turf establishment (seeding) of 38,200 square yards, and $1.25 per square yard for erosion control matting on 6150 square yards, for a total contract price of $21,057.50 ($13,370.00 for seeding, and $7687.50 for matting).
 b. The amount of work properly done and billed by the plaintiff was $13,370 for seeding, as stated in the contract, plus $18,566.67 for erosion control matting, which represented 14,853.33 square yards at $1.25 per square yard. The extra yardage over the contract yardage was done because the state required it. There was also an extra $907.50 for mulch, making a total bill of $32,844.17, of which nothing has been paid. The discrepancy between the amount claimed in the complaint, $30,650.74, and the $32,844.17 was caused by an error in the complaint. The plaintiff billed the defendant in accordance with the above amounts, but added a listing of monthly finance charges. The defendant sent this invoice back to the plaintiff asking only that the finance charges be eliminated. The defendant did not challenge the other amounts in any way. The defendant has paid the plaintiff none of this invoice.
 c. The state has not questioned the amount or quality of work billed by the plaintiff, and the state long ago paid the defendant for the work done by the plaintiff.
d. Any work performed by the Western Landscaping Co. on this job was separate from the work required of the plaintiff by the contract, and CT Page 9781 was done without the plaintiff having been given an opportunity to do it, and such work is therefore not relevant to this case.
e. The contract contains no provision concerning the attorney's fees.
2. Second Count-Killingly Airport, CT Contract #68-183
 a. The contract provided that the defendant would pay the plaintiff $968.00 per acre for the seeding of 14 acres, and $.20 per square yard for the mulching of 64,080 square yards, for a total contract price of $26,368, ($13,552 for seeding, and $12,816 for mulching). The work actually and properly done pursuant to this contract was 11.76 acres of seeding ($11,383.68) and 56,933 square yards of mulch ($11,386.60), a total of $22,770.28. This amount is $569.26 more than the amount alleged in the complaint $22,201.02, and discrepancy is caused by an error in the complaint. The plaintiff billed the defendant for $22,770.28, and added a list of monthly finance charges. The defendant returned the invoice saying in the attached letter that payment of finance charges are not a provision of the contract, and asking the plaintiff to make the correct adjustments. The amounts on the bill for seeding and mulching were not questioned at all. None of this bill has been paid, although the state long ago paid the defendant for this work performed by the plaintiff.
 b. The amounts billed for seeding and mulching were measured and calculated by a state inspector, and they were accurate. The quality of the work met the state standards.
c. The contract between the state and the defendant contained an October 31, 1998 deadline for completion and a $900 per day penalty if the deadline was not met. The plaintiff was aware of this. The project was not finished until November 17, 1998; hence the state assessed a penalty of $15,300 (17 days at $900 per day), which was deducted from money due to the defendant from the state. CT Page 9782
 d. In early November 1998, the defendant was excavating loam that was placed too high against the runway. This loam work had to be finished before the plaintiff could complete its work, and the plaintiff could not have come on the site to do this until November 6. The plaintiff had the opportunity to, and should have done 60 to 70% of its seeding prior to the October 31, 1998 deadline, and if this had been done, the plaintiff would have been able to finish on November 6. The delay from November 1 through November 5 was not the plaintiffs fault, but the delay from November 7 to November 17, 1998, 11 days, was. of the total penalty assessment of $15,300 imposed upon the defendant by the state, $9900 (11 days) is attributable to the plaintiff.
e. The contract contains no provision concerning an attorney's fee.
C. Conclusions:
1. First Count
 The defendant has breached its contract. The plaintiff is awarded damages in the amount of $32,844.17 in the First Count.
2. Second Count
 The defendant has breached its contract. The plaintiff is awarded $22,770.28 damages less $9900 of the penalty assessed against the defendant by the state. The net amount awarded to the plaintiff in the second count is $12,870.28.
3. The total amount awarded to the plaintiff is $45,714.45 + court costs.
D. Discussion of Attorney's Fee and Interest:
1. Attorney's Fee
The plaintiff seeks an award of attorney's fee.
"The general rule of law known as "the American CT Page 9783 rule' is that attorney's fees and ordinary expenses and burdens of litigation are not allowed to the successful party absent a contractual or statutory exception . . . Connecticut adheres to the American rule . . ."
 24 Leggett Street Ltd. Partnership v. Beacon Industries, Inc., 239 Conn. 284, 311 (1996).
 No such contractual provision or statutory exception exists; therefore no attorney's fee will be awarded.
2. Interest
 The allowance of prejudgment interest as an element of damages is an equitable determination and a matter lying within the discretion of the trial court. H.B. Toms Tree Surgery, Inc. v. Brant, 187 Conn. 343, 348, 446 A.2d 1 (1982); Cecio Bros., Inc. v. Feldman, 161 Conn. 265, 275, 287 A.2d 374
(1971). Before awarding interest, the trial court must ascertain whether the defendant has wrongfully detained money damages due the plaintiff. Cecio Bros., Inc. v. Feldman, supra, 274-75. Interest on such damages ordinarily begins to run from the time it is due and payable to the plaintiff. Id. "The determination of whether or not interest is to be recognized as a proper element of damage, is one to be made in view of the demands of justice rather than through the application of an arbitrary rule." Bernhard v. Rochester German Ins. Co., 79 Conn. 388, 398, 65 A. 134 (1906).
 West Haven Sound Development Corp. v. West Haven, 207 Conn. 308, 321, (1988).
The defendant has not paid the plaintiff anything for either contract. The court concludes that this constitutes a wrongful detention of money, and further finds that the plaintiff does not have "unclean hands'. This court concludes that the defendant has wrongfully detained money due to the plaintiff, and awards the plaintiff 10% interest on the award in the First Count from March 12, 1999 to date, and 10% interest on the award in the Second Count from August 24, 1999 to date.
Richard A. Walsh, J. CT Page 9784