[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I PROCEDURAL HISTORY
On July 30, 2002, the plaintiff, Olympus Healthcare Group, Inc. (Olympus), filed a seven count complaint against the defendants, Patricia Caulin, William Caulin and Eileen Caulin. Counts one through four allege causes of action for breach of contract, breach of an oral agreement, quantum meruit and unjust enrichment, respectively, against Patricia Caulin. Counts five though seven allege causes of action for breach of contract, breach of an oral agreement and quantum meruit, respectively, against William and Eileen Caulin.[1]
The defendants, William and Eileen Caulin, move to strike count seven of the complaint on the ground that it fails to state a claim upon which relief can be granted because Olympus fails to allege any facts that William and Eileen Caulin were or agreed to be responsible for the care and services provided to their adult daughter, Patricia Caulin.[2] On September 4, 2002, Olympus filed a memorandum in opposition arguing that it had properly alleged a cause of action for quantum meruit. On October 4, 2002, William and Eileen Caulin filed a reply brief to Olympus' memorandum in opposition. On October 18, 2002, Olympus filed a supplemental brief.
 II DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270.709 A.2d 558 (1998). "In ruling on a motion to strike, the court is CT Page 1178 limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp.,240 Conn. 576, 580, 693 A.2d 293 (1997). "It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." Gazo v. City ofStamford, 255 Conn. 245, 260, 765 A.2d 505 (2001). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v.BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992).
William and Eileen Caulin move to strike count seven of the complaint on the ground that it fails to state a claim upon which relief can be granted because Olympus fails to allege any facts that they were or agreed to be responsible for the care and services that Olympus provided to Patricia Caulin. Specifically, they argue that Olympus fails to allege any facts demonstrating how William and Eileen Caulin are legally responsible for the care and services provided to Patricia Caulin. They do not cite any case law in support of this argument.
Olympus argues in opposition that it has properly alleged a cause of action in quantum meruit. Specifically, Olympus argues that it has alleged sufficient facts that William and Eileen Caulin knowingly accepted services from Olympus and indicated to Olympus that it "would be compensated in the future, [that William and Eileen Caulin] impliedly promised to pay for the services [it] rendered."[3] (Plaintiff's Memorandum in Opposition.) Olympus cites Burns v. Koellmer,11 Conn. App. 375, 383, 527 A.2d 1210 (1987), and Derr v. Moody, 5 Conn. Cir. 718, 721, 261 A.2d 290 (App.Div. 1969), in support of this argument. Olympus concludes that it has pleaded sufficient facts to support a cause of action for a breach of a quasi contract.
In reply, William and Eileen Caulin argue that Olympus fails to allege a necessary element, that they received a benefit for the services rendered by Olympus to their adult daughter, in order to support a cause of action for quantum meruit. William and Eileen Caulin further argue that Olympus fails to allege any facts addressing why they are legally responsible for the care and services provided to their adult daughter.
Olympus argues in its supplemental brief that an implied contract was created through the actions and conduct of William and Eileen Caulin and cites Homecare, Inc. v. Acquarulo, 38 Conn. App. 772, 663 A.2d 412
(1995), in support of this argument. Olympus argues that in Homecare,Inc. v. Acquarulo. the trial court found that the defendants had arranged CT Page 1179 for the care of their mother and that they were aware that the plaintiff expected to be compensated. Accordingly, the defendants, through their actions and conduct, created an implied contract. Olympus concludes that the facts in Homecare, Inc. v. Acquarulo, are similar to the facts in the present case, and, therefore, the motion to strike should be denied.[4]
"Quantum meruit is a theory of contract recovery that does not depend upon the existence of a contract, either express or implied in fact. . . . Rather, quantum meruit arises out of the need to avoid unjust enrichment to a party, even in the absence of an actual agreement." (Citation omitted.) Gagne v. Vaccaro, 255 Conn. 390, 401, 766 A.2d 416
(2001). "The lack of a remedy under a contract is a precondition to recovery based on unjust enrichment or quantum meruit." United CoastalIndustries, Inc. v. Clearheart Construction Co., 71 Conn. App. 506, 513,802 A.2d 901 (2002). To state a cause of action for quantum meruit "[t]he pleadings must allege facts to support the theory that the defendant[s], by knowingly accepting the services of the plaintiff and representing to [it] that [it] would be compensated in the future, impliedly promised to pay [it] for the services [it] rendered. Burns v. Koellmer, supra,11 Conn. App. 383-84. See also Findell v. Koos, Superior Court, judicial district of New Britain, Docket No. CV 01 0510859 (March 11, 2002, Berger, J.) (the motion to strike was granted because the plaintiffs did not allege that they provided services to the defendant for which they were not paid.)
Olympus alleges in its complaint that Patricia Caulin became its resident "through the actions and efforts of the Defendants, William P. Caulin and Eileen M. Caulin." (Complaint, count seven, ¶ 2.) Olympus further alleges that William and Eileen Caulin "were aware . . . the Plaintiff [Olympus] rendered care and services to the Resident [Patricia Caulin], such care and services were necessary for the support of the Resident [Patricia Caulin] and the Plaintiff [Olympus] expected to be paid for the same." (Complaint, count seven, ¶ 3.) Olympus does not allege that it provided services to either William or Eileen Caulin or that they knowingly accepted services from Olympus. Instead, Olympus alleges that it provided care and services to Patricia Caulin. (Complaint, count seven, ¶ 3.) Furthermore, Olympus fails to allege in count seven that William and Eileen Caulin represented to Olympus that Olympus would be paid for the care and services it provided to Patricia Caulin, thereby impliedly promising to pay Olympus for the services it rendered. Olympus only alleges that William and Eileen Caulin were aware that Olympus expected to be compensated. (Complaint, count seven, ¶ 3.) Accordingly, Olympus has failed to plead sufficient facts to support each element for a cause of action in quantum meruit. CT Page 1180
 III CONCLUSION
For the foregoing reasons, Olympus has failed to plead the necessary facts to support each element for a cause of action in quantum meruit. Accordingly, William and Eileen Caulin's motion to strike count seven of the complaint should be granted.
BY THE COURT
 ___________________ Peter Emmett Wiese, Judge