STATE OF MAINE

CUMBERLAND, ss.

SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO. CR-06-2784 ✓

STATE OF MAINE

v.

KEVIN CROSS,

Defendant

DECISION ON MOTION
TO SUPPRESS

DONALD L. GARBRECHT
LAW LIBRARY

AUG 02 2001

This matter comes before the court on the defendant's motion to suppress any evidence arising out of an investigatory stop of his motor vehicle on July 30, 2006, in Gray, Maine. Although couched in terms of articulable suspicion, constitutional rights and voluntariness, at hearing it became clear that the real issue is whether the officer in question had the authority to make the stop. Since the court finds that the officer was in "instant pursuit" of the defendant, the motion will be denied.

## Facts

On July 30, 2006, Officer Ridge of the Cumberland Police Department was patrolling on Route 100 in Cumberland. The officer saw a vehicle traveling at a high rate of speed and attempted to follow. At a point when the cruiser's factory-calibrated speedometer read 70 M.P.H., the other vehicle was pulling away. The speed limit in that section was 50 M.P.H. At one point during the pursuit, the officer lost sight of the vehicle in front of him momentarily due to the terrain.

As the officer's pursuit continued, both vehicles crossed the municipal line from Cumberland into Gray. Once in Gray, Officer Ridge was able to close in on the vehicle, which he then saw to be a pickup truck. The driver of the pickup truck aggressively

braked the vehicle down to 50 M.P.H. The officer followed the vehicle to the next traffic light where the speed limit dropped to 35 M.P.H. but the pickup truck continued at 50 M.P.H. At a second red light, the pickup truck failed to stop and the officer then turned on his lights and stopped the vehicle at the Gray Square. The driver of the vehicle was revealed to be the defendant.

## Discussion

At hearing, the defendant indicated that his motion to suppress evidence contained two considerations: (1) whether the arresting officer had reasonable and articulable suspicion to conduct an investigatory stop of his vehicle; and (2) whether the officer had necessary authority to stop the vehicle in light of the fact that the stop occurred outside of the officer's municipal jurisdiction. With regard to the first issue, there appears to be no question that the officer observed violations of Title 29-A including speeding in two jurisdictions and failure to stop for a red light in Gray. Therefore, if the officer had the necessary jurisdictional authority, he obviously had the necessary constitutional authority for the stop.

The more complex issue is whether the officer had such jurisdictional authority, being out of his home jurisdiction at the time of the stop. This is a matter of statute, as set forth in 30-A M.R.S. § 2671(2)(E)(2) which reads:

> 2. Powers. Police officers may serve criminal and traffic infraction processes and arrests and prosecute offenders of the law. . . . No police officer has any authority in criminal or traffic infraction matters beyond the limits of the municipality in which the officer is appointed, except to: (E) Arrest a person who travels beyond the limits of the municipality in which the officer is appointed when in fresh pursuit of that person. This paragraph applies to all crimes and traffic infractions. As used in this paragraph: (2) With respect to Class D and Class E crimes and traffic infractions, "fresh pursuit" means instant pursuit of a person with intent to apprehend; . . .

In the present case, although Mr. Cross was ultimately charged with a Class D Operating Under the Influence, the basis for the officer's pursuit would have been an observed violation of a traffic infraction. Therefore, the "instant pursuit" requirement is applicable. To be "instant pursuit," the offense for which the officer was pursuing the driver must have been committed in his presence. *State v. Harding*, 508 A.2d 471, 472 (Me. 1986). In this case, the observed speeding meets this requirement. Nor does the fact that the officer lost sight of the defendant's vehicle for a short period of time break the continuity of the pursuit, since the interruption was very short and both vehicles continued on the same route in the same direction. Finally, the court sees nothing to materially distinguish the present case from that of the *State v. Menard*, 2003 ME 69, 822 A.2d 1143, in which the Supreme Judicial Court upheld a similar stop.

For the reasons stated above, the entry will be:

Motion DENIED.

Dated: May___2___, 2007

S. Kirk Studstrup
Justice, Superior Court

STATE OF MAINE
CUMBERLAND, ss.

DISTRICT COURT
CRIMINAL ACTION
DOCKET NO.

STATE OF MAINE       ]
                        ]
v.                   ]
                        ]
KEVIN CROSS        ]

**MOTION TO SUPPRESS**

NOW COMES Defendant, by and through counsel, and moves to suppress as evidence all statements made by the Defendant; all out of Court identifications of Defendant; the results of any so-called "field sobriety tests" administered to Defendant; any observations made of Defendant subsequent to the initial investigatory stop on or about July 30, 2006; and the results of any test which purports to represent the concentration of alcohol and/or drugs in blood at the time such a test was administered.

As grounds for such relief, Defendant asserts that prior to the investigatory confrontation, an Officer with the Cumberland Police Department was without specific and articulable reasons which would have warranted his suspicion that Defendant committed or was committing a criminal or civil offense. Further, had he entertained such articulable suspicion, he had no such suspicion to subject the Defendant to field sobriety tests and he was otherwise without probable cause to believe the Defendant was operating under the influence. Consequently, Defendant requests this Court afford the relief set forth above.

Defendant further moves the Honorable Court for an order suppressing any and

RECEIVED

OCT 0 2 2006

PORTLAND DISTRICT

all statements made by Defendant while in custody, because such statements were obtained from Defendant in violation of <u>Miranda</u> rights, so called; **<u>Miranda v. Arizona</u>**, 384 U.S. 436 (1966).

Defendant further moves the Honorable Court to suppress all of statements because they were not made voluntarily. In order for said statements to be considered voluntary in the constitutional context, Defendant must have made them as a result of own free will and rational intellect. **<u>State v. Caouette</u>**, 446 A.2d 1120 (Me. 1982).

**DATED:** September 28, 2006

**NICHOLS, WEBB & LORANGER, P.A.**

By: _____
MATTHEW B. NICHOLS, ESQ.
Maine Bar Reg. No. 3403
Attorney for the Defendant

477 Congress Street
Suite 800
Portland, Maine 04101
207-879-4000

RECEIVED

OCT 02 2006

PORTLAND DISTRICT
COURT